E-FILED
Thursday, 29 October, 2026 02:22:10 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

LARRY PRICE,
Plaintiff,

v.

ADAM MANTON,
Defendant.

Case No. 3:25-cv-03134-JEH

## Order

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 1). This matter is now before the Court on Plaintiff's Motion to Request Counsel (Doc. 25) and Plaintiff's Letter regarding Defendant Manton (Doc. 26). For the reasons stated below, Plaintiff's Motion to Request Counsel is DENIED.

### I

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 25). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013)

(citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

The Court previously found Plaintiff made a reasonable attempt to secure counsel. (Doc. 7 at p. 4). Plaintiff states he has no litigation experience and limited access to the law library. Although Plaintiff only completed grammar school, his pleadings have been coherent and supported by accompanying exhibits. There is no indication that Plaintiff has any physical or psychological condition that might impair his ability to litigate this case himself. The Court finds Plaintiff appears competent to litigate this case himself. Therefore, Plaintiff's Motion is DENIED.

**II**

On October 28, 2026, Plaintiff filed a Letter indicating that Adam Manton is not the correct Defendant. (Doc. 26).

On May 14, 2025, Plaintiff filed a Complaint against "Manton," a "Correctional Lieutenant" at Western. (Doc. 1 at p. 2). Plaintiff alleged Defendant Manton refused to allow him to be taken to the Healthcare Unit for medical care after he began vomiting blood on July 13, 2023. *Id.* at p. 5. At merit review, the Court allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendant Manton. (Doc. 7).

Defendant Adam Manton submitted an executed of Waiver of Service of Summons on July 30, 2025, and filed his answer on September 19, 2025. (Docs. 10, 12). Discovery closed on August 21, 2026.

In his Letter, Plaintiff states he did not intend to sue Adam Manton, but "this is who answered and who was served." (Doc. 26 at p. 1). Plaintiff states that

"unbeknownst to [him] there were 3 Manton's that this institution is aware of." *Id.* Plaintiff states he filed a grievance against "Lt. Manton" who was working at Western, not at an adjacent facility (Clayton Work Camp). Plaintiff states he requested camera footage to be reviewed, and if the proper steps had been taken, the correct person would have been served.

Plaintiff does not identify Defendant Lieutenant Manton's correct first name or provide a physical description of Defendant in his Letter. Within 21 days of this Order, Plaintiff is ORDERED to file a Notice with the Court to identify Defendant Manton's first name, provide a physical description of Defendant Manton, and the date and time Plaintiff allegedly encountered Defendant Manton on July 13, 2023. If Plaintiff fails to file a Notice by November 19, 2026, Defendant Adam Manton will be dismissed without prejudice, and this case will be closed. The dispositive motion deadline of November 9, 2026, is stayed.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Motion to Request Counsel [25] is DENIED.**

**2) Within 21 days of this Order, Plaintiff is ORDERED to file a Notice with the Court to identify Defendant Lieutenant Manton's first name, provide a physical description of Defendant Manton, and the date and time Plaintiff allegedly encountered Defendant Manton on July 13, 2023. If Plaintiff fails to file a Notice by November 19, 2026, Defendant Adam Manton will be dismissed without prejudice, and this case will be closed.**

**3) The dispositive motion deadline of November 9, 2026, is STAYED.**

*It is so ordered.*

Entered: October 29, 2026

s/Jonathan E. Hawley
U.S. District Judge